**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **ED CV 26-6668-JFW(ASx)** Date: November 10, 2026

Title: Catarina Sebastian Miguel *-v-* Fereti Semaia, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER BARRING TRANSFER OR REMOVAL AND DIRECTING PETITIONER'S RETURN TO THE DISTRICT TO PRESERVE JURISDICTION [filed 11/8/2026; Docket No. 3];**

**ORDER REQUIRING RESPONDENTS TO PROVIDE AT LEAST TWO COURT DAYS' NOTICE OF THEIR INTENT TO REMOVE PETITIONER FROM THE UNITED STATES**

On November 8, 2026, Petitioner Catarina Sebastian Miguel ("Petitioner") filed an Ex Parte Application for a Temporary Restraining Order Barring Transfer and Removal and Directing Petitioner's Return to the District to Preserve Jurisdiction ("Application"). No Opposition was filed. The Court finds that this matter is appropriate for decision without oral argument. After considering the Application, and the arguments therein, the Court rules as follows:

On November 9, 2026, the Clerk issued a Notice of General Order 26-05 and Briefing Schedule ("Notice"), which sets an expedited briefing schedule in this case. Docket No. 6. The briefing schedule requires Respondents to file an Answer to Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") no later than seven days from issuance of the Notice and Petitioner's Reply is due no later than three days after the Answer is served. In addition, the Notice provides that "[d]uring the pendency of these proceedings, Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove petitioner from the Central District of California." In light of the transfer of Petitioner to a detention facility in Texas before the issuance of the Notice, the Court now orders

Respondents to provide at least two court days' notice to Petitioner, Petitioner's counsel, and the Court of their intent to remove Petitioner from the United States.[1]

In light of the expedited briefing schedule on the underlying Petition (and the Court's Order requiring Respondents to provide at least two court days' notice of their intent to remove Petitioner from the United States), the Court concludes that Petitioner has failed to demonstrate that emergency relief is necessary. As a result, the Court concludes that Petitioner is not entitled to a temporary restraining order. *See Winter v. Natural Res. Def. Counsel, Inc*., 555 U.S. 7, 22 (2008) (concluding that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"); *see also Granny Good Foods, Inc., v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (holding that the underlying purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing").

Accordingly, Petitioner's Application is **DENIED**.

IT IS SO ORDERED.

---

[1]The Court retains jurisdiction over a properly commenced detention challenge to the extent a respondent within its jurisdiction has authority to effectuate relief. *Ex parte Endo*, 323 U.S. 283, 304-06 (1944); *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Vaskanyan v. Janecka*, No. 5:25-CV-01475-MRA-AS, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025).



Initials of Deputy Clerk jloz